```
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                           Norfolk Division
```

**THOMAS HOUSER, #53676-083**

              **Petitioner,**

**v.**                                                                                                 **2:04CV749**

**VANESSA ADAMS, Warden,**

              **Respondent.**


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2241. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 28 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.  STATEMENT OF THE CASE

### A.  Background

On July 16, 2002, in the United States District Court for the Eastern District of Virginia, petitioner was convicted of wire fraud, mail fraud, and possession of false identification documents. Petitioner was sentenced to serve twelve years imprisonment.

On October 19, 2004, petitioner filed a petition for a writ of habeas corpus in this Court, seeking to compel the Bureau of Prisons (BOP) to recalculate his good conduct time (GCT). On January 14, 2005, respondent filed a motion to stay proceedings, pending the Fourth Circuit's decision in Yi v. Federal Bureau of Prisons, 412 F.3d 526 (4th Cir. 2005). On March 18, 2005, the Court granted the motion, finding that petitioner would not be prejudiced by the delay and directing respondent to file a status report on June 1, 2005, if Yi had not been decided. On May 26, 2005, respondent filed a status report advising the Court that a decision in Yi had not yet been rendered and seeking further

delay. However, the motion was not referred to the undersigned until June 23, 2005, when respondent filed a notice advising the Court that a decision had been rendered in Yi, but the mandate on the decision had not been issued. By Order of June 29, 2005, the second motion to stay was granted, nunc pro tunc to May 26, 2005, and the matter was further stayed until the mandate in Yi was issued. Respondent was ordered to file an answer within thirty days after the mandate was issued. On July 27, 2005, respondent filed an answer to the petition. This matter is now ripe for consideration.

### B.   Grounds Alleged

The only ground that petitioner raises is that he should receive 648 days of GCT toward his sentence, rather than the 564 days the BOP projects he will receive.

### II.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

Title 18 U.S.C. § 3624(b), allows the BOP to award up to fifty-four days of GCT for each year of an inmate's term of imprisonment, awarded "at the end of each year of the prisoner's term of imprisonment," upon a showing of "exemplary compliance with institutional disciplinary regulations." By awarding petitioner fifty-four days of GCT at the end of each year he will serve in prison, the BOP has projected that petitioner will earn a total of 564 days of GCT. After subtracting the total amount of GCT that can be earned, the BOP adjusted petitioner's expected release date from February 1, 2014, to July 17, 2012. (See Habeas Pet., App. A, Sentence Monitoring Computation Data at 2.)

Petitioner contends that § 3624(b), unambiguously awards fifty-four days of GCT for each year of his sentence, rather than for each year of actual time served. Specifically, petitioner contends that by using the phrase, "term of imprisonment" in subsection (b), Congress intended to award GCT proportional to the sentence imposed, not the time

2

actually served. Therefore, petitioner asserts that his twelve year sentence should yield 648 days of GCT, which would place his release date at April 24, 2012.

In Yi, the Fourth Circuit has squarely addressed the argument raised by petitioner herein. The court found that the phrase "term of imprisonment" was ambiguous as used in 18 U.S.C. § 3624(b). Specifically, although two other uses of the phrase within the same subsection (b) clearly refer to the length of the sentence imposed, "[t]o calculate GCT based on the sentence imposed would allow an inmate to earn GCT for time he was not actually incarcerated. This unseemly result would frustrate the process and militates against finding that the phrase 'term of incarceration' unambiguously refers to the sentence imposed." Yi, 412 F.3d at 532 (citations omitted). The Fourth Circuit then found that "the legislative history of the GCT statute does not resolve the ambiguity in 18 U.S.C. § 3624(b)." Id. at 534.

When a statute is ambiguous, courts must defer to the reasonable interpretation of the administrative agency charged with administering the statute. Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984). Because the language of § 3624(b), reflects a "clear congressional directive that the [BOP] look retroactively at a prisoner's conduct over the prior year," the BOP's construction of the GCT statute is clearly reasonable and entitled to deference. Yi, 412 F.3d at 532. The claim is without merit and should be DISMISSED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DENIED and DISMISSED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court

3

decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); Fed.R.Civ.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                                      /s/
                                                **James E. Bradberry**
                                                **United States Magistrate Judge**

**Norfolk, Virginia**

   **September 29**  , 2005

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

    Thomas Houser #53673-083
    FCI Petersburg
    P.O. Box 1000
    Petersburg, VA   23804-1000

    Lawrence R. Leonard, Esq.
    Assistant United States Attorney
    United States Attorney's Office
    101 West Main Street, Suite 8000
    Norfolk, VA 23510

                               Elizabeth H. Paret, Clerk

                               By _____
                                       Deputy Clerk

                              _____, 2005